IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKENA ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3394-G-BN |
| | § | |
| SOUTHWEST AIRLINES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
FOR LEAVE TO FILE FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES**

Plaintiff Shakena Adams's *pro se* discrimination and retaliation action against her former employer, Defendant Southwest Airlines Co., has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The deadline set by the June 6, 2019 Federal Rule of Civil Procedure 16(b) scheduling order to amend pleadings was June 21, 2019. *See* Dkt. No. 23, ¶ 3. Well past that deadline, Southwest now moves for leave to file its First Amended Answer and Affirmative Defenses. *See* Dkt. No. 31. As ordered by the Court, *see* Dkt. No. 32, Adams filed a response opposing the motion, *see* Dkt. No. 33, and Southwest filed a reply in support, *see* Dkt. No. 34. The Court GRANTS the motion for leave for these reasons.

**Legal Standards**

Where the deadline to seek leave to amend the pleadings has expired, the Court

must first determine whether to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4)'s good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

To meet this standard, a party must show that, despite his diligence, he could not reasonably have met the deadline in the scheduling order. *See id.* at 535; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

And the Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)); *accord Squyres*, 782 F.3d at 237.

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D.

Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

And, where a party must establish Rule 16(b)(4) good cause to seek leave to amend a pleading, his "lack of diligence in timely amending his pleadings is paramount." *Id.* at *2 (citing *Palomino v. Miller*, No. 3:06-cv-932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) ("Plaintiff's lack of diligence in timely amending his complaint undercuts the importance of the amendment." (citing, in turn, *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-cv-2392-G, 2005 WL 2124126, at *8 (N.D. Tex. Sept. 1, 2005) (weighing the first factor against a party who claimed its motion for leave to amend "was untimely because [it] had no reason to believe its third-party complaint needed amendment until [a third-party defendant] filed its motion to dismiss after the scheduling order deadline expired")))).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *see also Petty v. Great West Cas. Co.*, 783 F. App'x 414, 414-15 (5th Cir. 2019) (per curiam); *cf. Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citation omitted)).

## Analysis

Southwest failed to include as an affirmative defense in its answer either limitations or failure to exhaust administrative remedies. *See* Dkt. No. 14 at 4. It now seeks leave to add both. *See generally* Dkt. No. 31.

To begin, however, because Adams filed this case *pro se* and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court examined her claims as amended by her verified responses to a screening questionnaire prior to ordering service. *See generally Adams v. Southwest Airlines*, No. 3:18-cv-3394-G-BN, 2019 WL 1386183 (N.D. Tex. Mar. 5, 2019), *rec. accepted*, 2019 WL 1380157 (N.D. Tex. Mar. 27, 2019). After doing so, the Court dismissed with prejudice all claims but "Adams's claims, under Title VII and 42 U.S.C. § 1981, that her former employer retaliated against her after she complained of racial discrimination." *Adams*, 2019 WL 1380157, at *1.

The Court's initial examination of Adams's claims quotes extensively from her allegations, including the following:

> Through her response to the screening questionnaire, Ms. Adams further provides that the basis for her alleged retaliation is that she made a complaint to Southwest Airlines Employee Relations department on 8/28/2012. The complaint was regarding an employee, Gwen Jones. Gwen Jones, called me big, fat, black, and ugly while we at work. After I made the complaint, the investigator, Monica, provided me the outcome. Monica stated that the management of the department in which Gwen and I worked, Source of Support Department, did not want to pursue disciplinary action against Gwen Jones. Monica stated that the department should not in any manner retaliate against me for making this complaint.

> After making this complaint, I was retaliated against by employees and management. I was told that I would get pulled by my hair and slung around. Someone told me that snitches get stitches. Co-workers would walk past my desk giving me mean dirty looks. I received a text message by a co-worker, stating that the reason that I wear a wig everyday is because I am bald headed. I was told that I wear the same clothes every week. Co-workers stated that they have been warned coming into the department that I am trouble and to watch out for me. Management began telling all new hires to Source of Support to watch out for me because I am a trouble maker and will report things to Human Resources.
>
> *Id.* at 4; *see also id.* (explaining that, because of these actions, she suffered "depression and anxiety. I contacted the company's Employee Assistance Program and received counseling. My primary care physician prescribed me depression and anxiety medication.").
>
> Ms. Adams filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 3, 2018, *see* Dkt. No. 7 at 7, alleging that Southwest retaliated against her on February 1, 2018, the date that she claims she was discharged "for unprofessional [b]ehavior in the work place," because, she claims, she "was retaliated against by coworkers, whom I sent to Southwest Employee Relations about for reporting them," Dkt. No. 7-2 at 1.

*Adams*, 2019 WL 1386183, at *3; *cf. id.* at *7 ("[W]ithout determining whether such claims may be subject to an affirmative defense – such as the statute of limitations – or whether they should be dismissed based on a motion made under Federal Rule of Civil Procedure 12(b)(6), the Court should allow to proceed Ms. Adams's claims, under Title VII and Section 1981, that she was retaliated against after complaining about racial discrimination.").

The Court sets this out because Southwest asserts the following to explain why it did not timely move for leave to amend:

> Notwithstanding Plaintiff's statement in her charge of discrimination that the alleged retaliation began and ended on February

> 1, 2018, information obtained in discovery and in telephone conferences with Plaintiff indicates that Plaintiff intends to assert claims based on alleged retaliatory acts that supposedly occurred as long ago as 2012. This is far outside the time allowed to file a charge under Title VII or the statute of limitation under 42 U.S.C. § 1981. See 42 U.S.C. § 2000e-5(e)(1); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).
>
> While reviewing the pleadings in preparation for depositions scheduled on November 11-13, 2019, Defendant's counsel noticed that Defendant's Original Answer did not assert an affirmative defense based on the statute of limitations and/or failure to exhaust administrate remedies. Upon discovery of this fact, Defendant's counsel promptly sent Plaintiff a copy of a proposed amended answer that asserted the affirmative defense as the only revision to the previous answer. Plaintiff received the proposed amended answer on October 31, 2019.
>
> Defendant did not intentionally omit any affirmative defense from its original answer. Defendant would have asserted the affirmative defense if it had known that Plaintiff intended to assert claims extending back as far as 2012.

Dkt. No. 31, ¶¶ 9-11.

In light of the Court's extensive effort to screen Adams's claims prior to service, it cannot accept that Southwest's failure to timely move to assert the affirmative defenses of limitations and failure to exhaust should be excused based on its current explanation. The first Rule 16(b)(4) factor thus counts against Southwest. But, given the circumstances here, the Court does not consider that factor itself dispositive of Southwest's motion for leave. *See Harrison*, 2016 WL 3612124, at *4 ("Although Wells Fargo's explanation for the delay in seeking leave to amend its answer is not compelling, the proposed amendment is important, it will not require any additional discovery, and Harrison has not shown how he will be prejudiced by an amendment.").[1]

---

[1] *But see Lee v. Mission Chevrolet, Ltd.*, No. EP-16-CV-00034-DCG, 2016 WL 6651391, at *4 (W.D. Tex. Nov. 9, 2016) ("In sum, two factors weigh against and two

As in *Harrison*, the second factor – the importance of the amendment – favors Southwest. *See* 2016 WL 3612124, at *4 ("The court concludes that amending the answer to include this affirmative defense is important because, as Wells Fargo argues, the amendment would allow Wells Fargo to assert a potentially case-dispositive affirmative defense. Therefore, this factor weighs in favor of granting defendant's motion for leave."). And Adams has not explained how she will be prejudiced if the Court allows the amendment. *See* Dkt. No. 33. Thus, although the Court could consider a continuance if Adams were to explain a basis for prejudice, the third and fourth factors also favor Southwest.

Southwest having passed through Rule 16(b)(4)'s gate, the Court "now decides under the Rule 15(a) standard whether leave to amend should be granted." *Harrison*, 2016 WL 3612124, at *4 (citing *S&W Enters.*, 315 F.3d at 536). And none of the factors that stand in the way of freely giving leave to amend under Rule 15(a) – "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment," *id.* (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)) – are present here.

---

factors weigh in favor of granting the Motion. On balance, however, the Court concludes that Defendants have failed to demonstrate good cause. The focus of the good cause inquiry is on the diligence of the party requesting the court to modify the scheduling order. As discussed above, Defendants fail to satisfactorily explain why they could not exercise diligence and move to amend their Answer by the Scheduling Order's deadline. Accordingly, the Court exercises its 'broad discretion to preserve the integrity and purpose of the pretrial order,' and denies Defendants' Motion." (citations omitted)).

**Conclusion**

The Court therefore GRANTS Defendant Southwest Airlines Co.'s Motion for Leave to File First Amended Answer and Affirmative Defenses [Dkt. No. 31] and DIRECTS the Clerk of Court to docket Dkt. No. 31-2 as Defendant's First Amended Answer and Affirmative Defenses.

SO ORDERED.

DATED: December 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE